UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
TIFFANY T. BROOKS,                          :         CASE NO. 15-CV-713
                                            :
            Plaintiff,                      :
                                            :
    vs.                                     :         OPINION & ORDER
                                            :         [Resolving Doc. 24]
COMMISSIONER                                :
OF SOCIAL SECURITY,                         :
                                            :
            Defendant.                      :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

## I. Introduction

Plaintiff Tiffany Brooks brings claims for wrongful denial of Supplemental Security Income Disability and Disability Insurance benefits.[1] Magistrate Judge William H. Baughman, Jr. recommended affirming the Administrative Law Judge's ("ALJ") denial of benefits.[2] Plaintiff objects.[3]  For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Recommendation of the Magistrate Judge, and **AFFIRMS** the ALJ's decision.

## II. Background

In November 2011, Plaintiff Brooks filed for disability benefits.[4]  Brooks said her disability began on November 1, 2011.[5]

---

[1] Doc. 1.
[2] Doc. 23.
[3] Doc. 24.
[4] Doc. 14 at 2.
[5] *Id.*

Case No. 15-CV-713
Gwin, J.

In November 2013, the ALJ found that Brooks had not experienced twelve continuous months of disability and denied her application.[6] The agency's review council denied review of the ALJ's decision.[7]

On April 13, 2015, Brooks filed an appeal of the ALJ's decision with this Court.[8] On June 24, 2016, Magistrate Judge Baughman, Jr. issued his Report and Recommendation that this Court deny Plaintiff Brooks's appeal.[9]

On July 8, 2016, Plaintiff filed objections to the Report and Recommendation.[10] Plaintiff Brooks says that Magistrate Judge Baughman, Jr. failed to sufficiently rely on agency rules in his Report and Recommendation.[11] On August 5, 2016, Defendant Commissioner of Social Security responded.[12] This Court reviews Brooks's objections *de novo*.[13]

### III. Legal Standard

In reviewing an ALJ's disability determination under the Social Security Act, a district court reviews whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[14] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15]

A district court is limited in what it can review. Specifically, a district court should not try to resolve "conflicts in evidence or decide questions of credibility."[16] A district court also

---

[6] Doc. 11 at 15.
[7] Doc. 14 at 2.
[8] Doc. 1.
[9] Doc. 23.
[10] Doc. 24.
[11] *Id.* at 2-3.
[12] Doc. 26.
[13] 28 U.S.C. § 636(b)(1) (requiring *de novo* review of the claimant's objections to a report and recommendation).
[14] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[15] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[16] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Case No. 15-CV-713
Gwin, J.

may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[17]

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[18] This Court cannot reverse the ALJ's decision, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.[19]

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[20]

### IV. Discussion

This Court adopts and incorporates Magistrate Judge Baughman, Jr.'s analysis here. Nevertheless, this Court responds to Plaintiff Brooks's objections to the Report and Recommendation.

In order to qualify for federal disability benefits, an applicant must show that she did not engage in substantial gainful activity for at least 12 months.[21] At the ALJ hearing, Plaintiff

---

[17] See *Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); see also *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that the ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[18] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[19] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).
[20] See 42 U.S.C. § 423(d); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001).
[21] *Heston*, 245 F.2d 534 (6th Cir. 2001) provides a "five step sequential process" for analyzing disability claims under the Social Security Act. An applicant's lack of substantial gainful activity for at least 12 months is only part of the five-step process.

Case No. 15-CV-713
Gwin, J.

Brooks testified that she became disabled on November 1, 2011.[22] Less than 12 months later, she started working as a secretary on October 8, 2012.[23]

Plaintiff Brooks argued that her 2012 employment should not be counted as substantial gainful activity because she was training, not providing productive services to her employer.[24] As a result, she claims she should receive disability benefits because she did not engage in substantial gainful activity for at least 12 months.[25]

Plaintiff Brooks's arguments lost, and the ALJ denied her application for disability.[26] On appeal, Magistrate Judge Baughman, Jr. concluded that substantial evidence supported the ALJ's determination that Brooks had not experienced twelve months of continuous disability.[27]

In her objections to the Report and Recommendations, Plaintiff Brooks does not argue that the ALJ failed to base the decision on substantial evidence.[28] Instead, Brooks says that Magistrate Judge Baughman, Jr. improperly used case law to "shape administrative rules" on a "matter of first impression."[29] The Plaintiff argues that Magistrate Judge Baughman, Jr. should have remanded the case to the ALJ so that the agency itself could interpret whether Brooks's training qualified as substantial gainful activity.[30] This argument loses.

Plaintiff Brooks contends that the agency should decide whether her training was substantial gainful activity, not Magistrate Judge Baughman, Jr. Yet, the agency *did* decide this

---

[22] Doc. 14 at 5.
[23] *Id.*
[24] Doc. 11 at 14.
[25] *Id.*
[26] *Id.* at 14-15.
[27] Doc. 23. at 9-10.
[28] Doc. 24. This Court agrees with Magistrate Judge Baughman, Jr. that the ALJ's decision was based on substantial evidence. Doc. 23. at 9-10.
[29] *Id.* at 2.
[30] *Id.* at 3.

-4-

Case No. 15-CV-713
Gwin, J.

matter when the ALJ concluded that the Plaintiff's 2012 training counts as substantial gainful activity.[31] This Court finds no reason to give the Plaintiff a second bite at the apple.

Plaintiff Brooks also says that Magistrate Judge Baughman, Jr. improperly used case law to "shape administrative rules" on a "matter of first impression."[32] Agency rules will never directly address every possible question. In fact, a magistrate judge's review is particularly valuable in situations where agency rules do not provide express guidance.

Magistrate judges may use case law to decide administrative appeals. Sometimes these decisions will shape administrative rules. This outcome is appropriate. This Court rejects the argument that magistrate judges should remand cases unless they find "an agency policy to which to defer."[33]

Therefore, Plaintiff Brooks's objections to the Report and Recommendation lose.

### V. Conclusion

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Recommendation of the Magistrate Judge, and **AFFIRMS** the ALJ's denial of benefits.

IT IS SO ORDERED.

Dated: August 19, 2016            *s/        James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[31] Doc. 11 at 11-15
[32] Doc. 24. at 2.
[33] Doc. 24. at 2-3.